*Nussbaum v. Sullivan*, No. 574-10-18 Wncv (Teachout, J., Apr. 29, 2019).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 574-10-18 Wncv** |

**NEIL NUSSBAUM**
    **Plaintiff**

    **v.**

**CHRISTINE SULLIVAN, Chair, Harwood**
**Unified Union School District Board of Directors**
    **Defendant**

### DECISION
### Motion to Dismiss Complaint (MPR #1)
### Motion to Strike Amended Complaint (MPR #3)
### Motion to Dismiss Amended Complaint (MPR #5)

At the core of this case is Plaintiff Neil Nussbaum's belief that the board of directors of the school district in which he is a resident, the Harwood Unified Union School District, has some obligation to conduct its proceedings so that it receives comments from members of the public anonymously. In his original complaint, he appears to claim that the Board has taken a contrary position--that it will not generally receive public comments anonymously at public meetings--on the advice of counsel (Attorney Pietro Lynn). He appears to seek an injunction preventing the Board from implementing that policy or requiring it to implement some other policy.

The sole defendant to the original complaint, Board Chair Christine Sullivan, then filed a motion to dismiss for failure to state a claim.

In response, Mr. Nussbaum filed an amended complaint elaborating on his claims and purporting to add several defendants (the Board of Directors and various agents and officers of the school district) and defense counsel in this case, Attorney Pietro Lynn, who is alleged to have advised the Board to not generally receive public comment anonymously at open meetings. In count 1 of the amended complaint, Mr. Nussbaum asserts a vague and generalized First Amendment right to criticize the Board anonymously. In count 2, he alleges that the school district superintendent and Attorney Lynn engaged in a "conspiracy," which is not described but which has the effect of thwarting anonymous criticism from the public. In count 3, he appears to claim that Attorney Lynn has breached a professional duty owed directly to Mr. Nussbaum to keep his communications confidential.

Defendants filed a motion to strike the amended complaint because Mr. Nussbaum failed to seek leave to file it. Mr. Nussbaum objects that no leave was needed and, alternatively, seeks retrospective leave. Defendants, in the alternative, seek to dismiss the amended complaint for failure to state a claim.

*The Amended Complaint*

The court grants leave, retrospective to its filing, for Mr. Nussbaum's amended pleading. While a motion to amend should have been filed, the court prefers to address the substance of the amended complaint. Accordingly, Ms. Sullivan's motion to dismiss the original complaint is denied as moot. Her motion to strike the amended complaint is denied.

*Defendants' Second Motion to Dismiss—Anonymous Comments (Counts 1 and 2)*

Counts 1 and 2 are dismissed for failure to state a claim. Both counts are premised generally on Mr. Nussbaum's belief that the Board must do something affirmatively to ensure that it will receive comments from the public anonymously. He appears to allege that the Board does not intend to proactively create such a process at routine Board meetings. However, regardless whether he may have any right to do so, he does not actually allege any inability to communicate anonymously with the Board.

In any event, there is no proactive, generalized obligation in Vermont's Open Meeting Law, 1 V.S.A. §§ 310–314, to routinely receive public comments anonymously. The purposes of the Open Meeting Law include accountability and transparency—not secrecy—and the ability of the public to comment "subject to reasonable rules established by the chairperson." 1 V.S.A. § 312(h).

Mr. Nussbaum also has cited the First Amendment, but without any cogent factual elaboration, there is no evident constitutional basis for requiring the Board to do anything to affirmatively facilitate anonymous comments at its public meetings.

*Defendants' Second Motion to Dismiss—Breach of Confidentiality (Count 3)*

Mr. Nussbaum, in his amended complaint, has named defense counsel in this case, Attorney Lynn, as a defendant and has asserted that he somehow has breached a professional duty of confidentiality owed directly to Mr. Nussbaum. Apparently, Mr. Nussbaum reasons that because he is a citizen of a town in the school district, Attorney Lynn, who represents the school district's board, in some manner necessarily has professional obligations to him (and presumably to all such residents). This claim is dismissed. There are no facts showing that Mr. Nussbaum and Attorney Lynn have an attorney–client relationship from which the professional duties on which Mr. Nussbaum relies might spring, and no legal basis for a claim.

2

ORDER

For the foregoing reasons,

1. Ms. Sullivan's motion to dismiss the original complaint (MPR #1) is denied as moot,
2. The amended complaint is accepted and the motion to strike (MPR #3) is denied, and
3. Defendants' motion to dismiss the amended complaint (MPR #5) is granted.

As a result, the case is *dismissed*.

Dated at Montpelier, Vermont this _____ day of April 2019.


_____
Mary Miles Teachout
Superior Judge